UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SULEYMAN TIG,                                   Civil Action No.

                 Plaintiff,

    -against-

FRONT STREET AUTOMOBILE SERVICE
CENTER, INC., PETER ANDRICOPOULOUS,
JACK TARUS, and JOHN KATIMARIS,

                 Defendants.
------------------------------------------------------------------X

## COMPLAINT

Plaintiff, SULEYMAN TIG ("Plaintiff"), as and for his Complaint against Defendants, FRONT STREET AUTOMOBILE SERVICE CENTER, INC., PETER ANDRICOPOULOUS, JACK TARUS, and JOHN KATIMARIS (hereinafter, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult male who resides in East Meadow, New York.

6. Plaintiff was employed by Defendants from on or about 2006 to on or May 2022.

7. According to the New York State Department of State, Division of Corporations, Defendant Front Street Automobile Service Center, Inc. (hereinafter, "Front Street Automobile") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, Defendant Front Street Automobile maintains corporate offices located at 1883 Front Street, East Meadow, New York.

9. Upon information and belief, Defendant Front Street Automobile owns and operates the BP gas station located at 1883 Front Street, East Meadow, New York.

10. At all relevant times, Defendant Front Street Automobile has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

11. Upon information and belief, Defendant Peter Andricopoulous (hereinafter, "Andricipoulous") is a resident of the State of New York.

12. Upon information and belief, at all relevant times, Defendant Andricopoulous is an owner, corporate officer, director, and/or managing agent of Defendant Front Street Automobile.

13. Upon information and belief, at all relevant times, Defendant Andricopoulous has exercised operational control over Defendant Front Street Automobile, controlled significant business functions of Defendant Front Street Automobile, determined employee salaries, made

2

hiring decisions, and acted on behalf of and in the interest of Defendant Front Street Automobile in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

14. At all relevant times, Defendant Andricopoulous has participated in running the daily operations of Defendant Front Street Automobile.

15. At all relevant times, Defendant Andricopoulous participated in the management and supervision of Plaintiff and his work for Defendant Front Street Automobile.

16. At all relevant times, Defendant Andricopoulous maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

17. Upon information and belief, Defendant Jack Tarus (hereinafter, "Tarus") is a resident of the State of New York.

18. Upon information and belief, at all relevant times, Defendant Tarus is an owner, corporate officer, director, and/or managing agent of Defendant Front Street Automobile.

19. Upon information and belief, at all relevant times, Defendant Tarus has exercised operational control over Defendant Front Street Automobile, controlled significant business functions of Defendant Front Street Automobile, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Front Street Automobile in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

20. At all relevant times, Defendant Tarus has participated in running the daily operations of Defendant Front Street Automobile.

21. At all relevant times, Defendant Tarus participated in the management and supervision of Plaintiff and his work for Defendant Front Street Automobile.

22. At all relevant times, Defendant Tarus maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

23. Upon information and belief, Defendant John Katimaris (hereinafter, "Katimaris") is a resident of the State of New York.

24. Upon information and belief, at all relevant times, Defendant Katimaris is an owner, corporate officer, director, and/or managing agent of Defendant Front Street Automobile.

25. Upon information and belief, at all relevant times, Defendant Katimaris has exercised operational control over Defendant Front Street Automobile, controlled significant business functions of Defendant Front Street Automobile, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Front Street Automobile in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

26. At all relevant times, Defendant Katimaris has participated in running the daily operations of Defendant Front Street Automobile.

27. At all relevant times, Defendant Katimaris participated in the management and supervision of Plaintiff and his work for Defendant Front Street Automobile.

28. At all relevant times, Defendant Katimaris maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

29. At all relevant times, Defendants had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

30. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

31. At all times relevant to this action, Plaintiff was employed as a gas station attendant for the benefit of and at the direction of Defendants at the BP gas station located at 1883 Front Street, East Meadow, New York.

32. Throughout his employment with Defendants, Plaintiff's primary duty as a gas station attendant was to pump gas, operate the cash register, assist customers, stock inventory, and clean the gas station.

33. During the last six years of his employment, Plaintiff worked six days per week, with Sundays being his day off.

34. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks.

35. During this time, Plaintiff worked twelve-hour shifts.

36. From on or about September 2016 to about 2019, Plaintiff worked the overnight shift, from 7:00 p.m. to 7:00 a.m.

37. From on or about 2019 until May 2022, Plaintiff worked the morning shift, from 5:00 a.m. to 5:00 p.m.

38. During the last six years of his employment, Plaintiff worked seventy-two hours each week.

39. During this time, Defendants always paid Plaintiff an hourly rate of pay.

40. During this time, Defendants paid Plaintiff on a weekly basis.

41. During this time, Defendants paid Plaintiff straight time for all hours worked.

42. During this time, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) hours each week.

43. During this time, Defendants did not pay Plaintiff time and one-half his regular rate of pay for any hours that he worked in excess of forty (40) each week.

44. During this time, Defendants did not require Plaintiff to sign, punch, or clock in or out of his shifts or to track his time worked in any other manner.

45. During this time, Defendants failed to keep and maintain accurate time records for the time that Plaintiff worked each day and week.

46. During this time, Defendants did not provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with his weekly pay, as required by NYLL § 195(3).

47. The individual Defendants hired Plaintiff.

48. The individual Defendants participated in the daily supervision of Plaintiff's duties during the last six years of his employment.

49. The individual Defendants participated in setting Plaintiff's work schedule during the last six years of his employment.

50. The individual Defendants participated in deciding the manner in which Plaintiff was paid during the last six years of his employment.

51. The individual Defendants participated in running the day-to-day operations of Defendant Front Street Automobile and the BP gas station during the last six years of Plaintiff's employment.

52. The individual Defendants participated in deciding the hours that Plaintiff worked each week of the last six years of his employment.

53. The individual Defendants participated in deciding the job duties that Plaintiff performed on a daily basis during the last six years of his employment.

54. Defendants managed Plaintiff's employment, including the amount of overtime worked.

55. Defendants have dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

56. Defendants have been aware of Plaintiff's work hours but have failed to pay him the full amount of overtime compensation to which he was and is entitled for this work time under the law.

57. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

58. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Front Street Automobile is an enterprise engaged in commerce or in the production of goods for commerce.

61. At all times relevant to this Complaint, Defendant Front Street Automobile had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled goods, materials, and merchandise that originated outside of the State of New York.

62. Upon information and belief, the gross annual volume of sales made or business done by Defendant Front Street Automobile for the years 2019, 2020, and 2021 was not less than $500,000.00.

63. Additionally, Plaintiff individually qualifies for the protections of the FLSA because he processed credit card transactions that are sent to credit card companies located outside of the State of New York.

64. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

65. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

66. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

67. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

68. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

69. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

70. Defendants have not acted in good faith with respect to the conduct alleged herein.

71. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

72. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

74. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

75. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

76. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

77. Plaintiff was and is not exempt from the overtime provisions of the New York Labor Articles, because he does not meet the requirements for any of the reduced number of

exemptions available under New York law.

78. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

79. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

82. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

83. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B. Award compensatory damages, including all overtime compensation and spread of hours compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all NYLL overtime compensation, spread of hours compensation, and other compensation due accruing from the date such amounts were due;

E. Award all statutory damages under the NYLL;

F. Award all costs and attorney's fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
      September 19, 2022

                                                                  _____
                                                                  Justin M. Reilly, Esq.
                                                                  The NHG Law Group, P.C.
                                                                  *Attorneys for the Plaintiff*
                                                                4242 Merrick Road
                                                                Massapequa, New York 11758
                                                                Tel: 516.228.5100
                                                                justin@nhglaw.com